Filed 11/14/23  P. v. Powns CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ANDREW DARNELL POWNS,<br><br>    Defendant and Appellant. | B325715<br><br>(Los Angeles County<br>Super. Ct. No. LA091061) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Carol J. Najera, Judge.  Affirmed.

Randall Conner, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

—————————————

Andrew Darnell Powns pleaded no contest in Los Angeles County Superior Court Case No. LA091061 to one count of first degree home invasion robbery in concert. (Pen. Code,[1] §§ 211 & 213, subd. (a)(1)(A); count 1.) The trial court sentenced Powns to the middle term of six years in prison, but suspended execution of sentence and placed Powns on probation for two years.

Subsequently, in Los Angeles County Superior Court Case No. TA157286-01, Powns pleaded no contest to fleeing a pursuing officer's motor vehicle while driving recklessly (Veh. Code, § 2800.2; count 1) and possession of a firearm with a prior violent felony conviction (§ 29900, subd. (a)(1); count 2). Powns admitted to suffering a prior strike conviction in Case No. LA091061 (§§ 667, subd. (b)-(j), 1170.12) and admitted three aggravating sentencing factors—he was armed with or used a firearm (Cal. Rules of Court, rule 4.421(a)(2)), he suffered a prior prison term (Cal. Rules of Court, rule 4.421(b)(3)), and he was on supervision when he committed the current offenses (Cal. Rules of Court, rule 4.421(b)(4)).

In Case No. LA091061, the court revoked probation and ordered that the suspended six-year middle-term sentence be executed. In Case No. TA157286-01, the court struck the prior strike conviction and sentenced Powns to the three-year upper term in count 1 and the three-year upper term in count 2, to run concurrently with each other, and also concurrently with the sentence in Case No. LA091061. Powns timely appealed.

We appointed counsel. After reviewing the record, counsel filed an opening brief asking this court to review the record independently pursuant to *People v. Wende* (1979) 25 Cal.3d 436,

[1] All further statutory references are to the Penal Code unless otherwise indicated.

441 (*Wende*).  On September 7, 2023, we advised Powns that he had 30 days to submit any contentions or issues he wished us to consider.  No response has been received to date.

We have examined the entire record.  We are satisfied no arguable issues exist and that Powns's counsel has fully satisfied his responsibilities under *Wende*.  (*Smith v. Robbins* (2000) 528 U.S. 259, 279–284; *Wende*, *supra*, 25 Cal.3d at p. 441.)  The trial court's judgment is affirmed.

NOT TO BE PUBLISHED.


MOOR, J.


We concur:


BAKER, Acting P. J.


KIM, J.